UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| USTA TECHNOLOGY, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-515-SDJ |
| | § | |
| LENOVO GROUP LIMITED | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lenovo Group Limited's Motion to Stay Pending Ex Parte Reexamination, (Dkt. #93), and the parties' subsequent briefing on the motion, (Dkt. #94, #95, #97). After full consideration, the Court will grant the motion.

### I. BACKGROUND

This is a patent-infringement suit. Plaintiff USTA Technology, LLC owns U.S. Patent No. RE47,720 ("the '720 patent"), which "relate[s] to technologies for radio frequency spectrum management in a wireless local area network system." (Dkt. #34 ¶ 62). USTA alleges that Defendant Lenovo Group Limited has infringed and continues to infringe "at least claims 53 and 95 of the '720 patent." (Dkt. #34 ¶ 98).

USTA filed suit in June 2024. *See* (Dkt. #1). Shortly after USTA filed its Second Amended Complaint, (Dkt. #34), Lenovo moved to dismiss that complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), among other things. *See* (Dkt. #43). The next month, at the parties' request, the Court issued an order authorizing jurisdictional discovery related to Lenovo's motion to dismiss. *See* (Dkt. #58). The jurisdictional discovery period has ended, *see* (Dkt. #64), and Lenovo's motion to dismiss remains pending before the Court.

1

In April 2026, the United States Patent and Trademark Office ("USPTO") granted two ex parte reexamination ("EPR") requests for the '720 patent. (Dkt. #93 at 8). Both EPRs will reexamine claims 53 and 95—the only claims currently at issue in this case. *See* (Dkt. #93-6 at 60–61); (Dkt. #93-7 at 25–26). Lenovo now moves to stay this case pending resolution of the EPRs.[1] *See* (Dkt. #93).

## II. LEGAL STANDARD

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). How best to manage a docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

Relevant here, courts generally consider three factors when deciding whether to stay litigation pending reexamination by the USPTO: (1) whether a stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial

---

[1] USTA is asserting the '720 patent in five other cases pending before the Court: *USTA Technology, LLC v. AsusTek Computer Inc.*, No. 4:24-CV-512-SDJ; *USTA Technology, LLC v. AT&T Mobility LLC, et al.*, No. 4:24-CV-513-SDJ; *USTA Technology, LLC v. Charter Communications, Inc., et al.*, No. 4:25-CV-818-SDJ; *USTA Technology, LLC v. Comcast Cable Communications, LLC, et al.*, No. 4:25-CV-819-SDJ; and *USTA Technology, LLC v. T-Mobile USA, Inc.*, No. 4:25-CV-820-SDJ. (Dkt. #93 at 6–7). In *Charter*, the Court recently granted the defendants' motion to stay pending resolution of the same two EPRs identified in Lenovo's motion. *See USTA Tech., LLC v. Charter Commc'ns, Inc.*, No. 4:25-CV-818-SDJ, 2026 WL 1506834, at *3 (E.D. Tex. May 29, 2026). The other four cases are stayed pending resolution of the defendants' motion to dismiss in *Charter. Id.* at *1 n.1.

date has been set, and (3) whether a stay will likely resolve or simplify the issues before the court. *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "The party seeking a stay bears the burden of showing that such a course is appropriate." *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-86 RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017).

### III. DISCUSSION

All three factors weigh in favor of granting the requested stay. The Court addresses each in turn.

### A. Prejudice

A stay of proceedings will not unduly prejudice USTA because any harm it suffers during the stay can be remedied with money damages. As a non-practicing entity, USTA is not a competitor of Lenovo and suffers no competitive harm from Lenovo's alleged infringement. It makes sense, then, that USTA seeks only money damages in this case—not injunctive relief. *See* (Dkt. #34 at 31). "When a patentee seeks exclusively monetary damages, mere delay in collecting those damages does not constitute undue prejudice." *AR Design Innovations LLC v. Ashley Furniture Indus., Inc.*, No. 4:20-CV-392-SDJ, 2021 WL 6496714, at *2 (E.D. Tex. Jan. 11, 2021). *See also Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, No. CIV. 11-176-LPS, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011) (holding that a patentee's status as a

"non-practicing entity, which does not manufacture or sell the products covered by the patents in suit[,] . . . favors a stay").

USTA fails to identify any specific prejudice it will suffer as a result of a stay, beyond "the delay necessarily inherent in any stay," which by itself does not constitute undue prejudice. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1029 (N.D. Cal. 2014). Thus, the Court finds that the prejudice factor weighs in favor of granting the requested stay.

## B. Stage of the Proceedings

This case is still in its early stages, further supporting the requested stay. Although the parties have conducted some jurisdiction-related discovery, they have not begun merits discovery, and no trial date has been set. Indeed, the Court has yet to issue a scheduling order in this case. Thus, the stage-of-proceedings factor weighs in favor of a stay.

## C. Simplification

Finally, a stay will likely resolve or simplify the issues before the Court. As explained above, the USPTO will reexamine the only claims currently at issue in this case. "Other courts in this district have routinely stayed cases where . . . the USPTO has granted EPRs as to all claims of all asserted patents." *Competitive Access Sys., Inc. v. Samsung Elec. Co.*, No. 4:25-CV-886-SDJ, 2026 WL 1495199, at *3 (E.D. Tex. May 28, 2026). Because "about three out of every four claims [subject to reexamination] are changed or cancelled," there is a significant likelihood that the

EPR proceedings here will resolve or at least simplify the issues before the Court. *Id.* at \*4. Thus, the Court concludes that this factor weighs in favor of a stay.

### IV. CONCLUSION

For these reasons, Defendant Lenovo Group Limited's Motion to Stay Pending Ex Parte Reexamination, (Dkt. #93), is **GRANTED**.

It is therefore **ORDERED** that this case is **STAYED** pending the USPTO's final decisions in the ex parte reexaminations of U.S. Patent No. RE47,720.

It is further **ORDERED** that the parties file a joint status report on the reexamination proceedings every ninety (90) days, with the first report due **August 28, 2026**.

**So ORDERED and SIGNED this 8th day of June, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

5